UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ARMENTA,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIPS, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00907-EPG (PC)<br><br>ORDER RE: POTENTIAL FAILURE TO EXHAUST AS TO CORCORAN STATE PRISON DEFENDANTS<br><br>THIRTY-DAY DEADLINE |

Richard Armenta ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on July 3, 2019. (ECF No. 1).

It appears from the face of the complaint that Plaintiff did not exhaust his available administrative remedies as to the Corcoran State Prison defendants before filing this action. While Plaintiff states that he exhausted his administrative remedies (ECF No. 1, p. 2), Plaintiff appears to admit that he has not yet exhausted his administrative remedies as to the Corcoran State Prison Defendants. According to Plaintiff, he "filed 2 more 602 appeals here at Corcoran and [his] requests for help continue to be denied. 1 602 appeal is at the 3rd level. The other at 2nd level." (Id. at 22-23).

"The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third

1

level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….").

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies *prior* to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).

As it appears that Plaintiff is in the process of exhausting his claims against the Corcoran State Prison defendants, but has not yet done so, the Court will give Plaintiff the option of voluntarily dismissing his case, or just the Corcoran State Prison defendants, without prejudice, before the Court screens Plaintiff's complaint.

If Plaintiff chooses to dismiss his case, he may re-file his case once he has finished exhausting his claims against the Corcoran State Prison defendants.

If Plaintiff chooses to dismiss just the Corcoran State Prison defendants, the Court will screen the remainder of Plaintiff's complaint in due course, and Plaintiff may file a separate action against the Corcoran State Prison defendants once he finishes exhausting his administrative remedies as to those defendants.

Finally, Plaintiff may choose to not dismiss any defendants, and have the Court screen his current complaint with the risk that some claims and some defendants will be subject to dismissal for not exhausting administrative remedies before filing this lawsuit.

Accordingly, IT IS ORDERED that Plaintiff has thirty days from the date of service of this order to:

1. File a notice of dismissal of the entire action, without prejudice;
2. File a notice of dismissal of the Corcoran State Prison defendants, without

prejudice; or

3. File a notice stating that he does not want to dismiss any defendants, and instead wants the Court to screen his current complaint.

IT IS SO ORDERED.

Dated: **July 9, 2019**

/s/ Eric P. Grosj
UNITED STATES MAGISTRATE JUDGE